# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:01 CR 204 |
| Plaintiff, | ) ) ) | JUDGE DONALD C. NUGENT |
| v. | ) ) |  |
| ROBERT COOK, | ) ) | <u>MEMORANDUM OPINION AND ORDER</u> |
| Defendant. | ) |  |

This matter comes before the Court upon Defendant, Robert Cook's Motion to Reduce Sentence Under Section 404 of the First Step Act of 2018. (ECF # 40). The government filed a Response in Opposition to the motion, and Defendant filed a Reply. (ECF # 41, 42). The matter is now ready for consideration.

Mr. Cook was sentenced on September 27, 2001 after pleading guilty to one count of possessing 165.59 grams of cocaine base ("crack") with intent to distribute, and one count of possessing a firearm after a felony conviction. His total offense level was 34 after all applicable enhancements and adjustments. He had a statutory sentencing range of 20 years to life, and his guideline range was 262-327 months. The Court sentenced him to 294 months, with ten years of supervised release.

On December 21, 2018, the First Step Act of 2018 was signed into law. Section 404 of the Act provides that a court that imposed a sentence for a covered offense may, on motion of the

defendant. . . impose a reduced sentence as if sections two and three of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed. However, no court shall entertain a motion made under section 404 if the sentence was previously imposed or reduced in accordance with sections two and three of the Fair Sentencing Act, or if prior request made under this section was denied after a complete review on the merits. Reductions are not mandatory, but are left to the discretion of the sentencing judge. See, Pub. L. No. 115-391, Title IV, § 404, Dec. 21, 2018.

Both parties agree that if the Fair Sentencing Act had been in place at the time of Mr. Cook's original sentencing, his mandatory minimum sentence would have been reduced from twenty years to ten years. They also agree that his maximum sentence would have remained as life imprisonment, and he would have been subject to a mandatory eight years of supervised release, rather than ten. The government argues, however, that Mr. Cook's term of imprisonment should not be reduced because his sentence was based on the guideline range that corresponded to his total offense level and criminal history category, which have not changed, and was not affected by the mandatory minimum in place at the time. The Court agrees with this assessment.

Mr. Cook's sentence is the same sentence that this Court would have imposed regardless of whether the mandatory minimum had been ten years or twenty years at the time of sentencing. The guideline range applicable to his case has not changed. Defendant argues that if his sentencing were to take place today, his prior convictions would not qualify him for career offender enhancements under 21 U.S.C. § 851 and his guideline range would, consequently, be lower. The changes to the enhancements under 21 U.S.C. § 851, however, are not retroactive. The Court will not apply changes affecting sentencing that have occurred since the Defendants

sentencing, which were not made retroactive. The First Step Act allows us only to apply the Fair Sentencing Act changes to punishments based on cocaine base quantities were in effect at the time the covered offence was committed, and it is undisputed that those quantity changes do no have an affect on the calculation of Defendant's original guideline range.

Mr. Cook's sentence is justified by a variety of considerations previously set forth in the plea agreement and discussed at Mr. Cook's original sentencing, including the nature of the crime, his prior convictions, the need to protect the public, and the amount of drugs involved in this case. Further, the upper end of the statutory maximum for the amount of drugs involved in Mr. Cook's case has not changed. Therefore, no reduction in sentence is warranted.

Mr. Cook is, however, entitled to a reduction in the duration of his supervised release. The parties agree that the newly applicable period of release is a minimum of eight years, pursuant to 21 U.S.C. §841(b)(1)(B), and the government has no objection to his request for this reduction. For the above reasons, this Court GRANTS in PART and DENIES in PART Mr. Cook's petition for relief. (#40). Mr. Cook's term of supervised release is, hereby, reduced to a period of eight years. All other aspects of his original sentence remain intact. IT IS SO ORDERED.

*[signature]*
DONALD C. NUGENT
United States District Judge

DATED: May 7, 2019